NEW YORK CALCULATING MACH. CO. Inc., v. INTERNATIONAL MONEY MACH. CO., Inc.

(District Court, S. D. New York. April 4, 1922.)

No. 754.

1. Patents ⬡⟿328—1,318,135, for mechanism adapted for controlling a series of registers or indicators, not infringed.

The De Simone patent, No. 1.318,135, for mechanism adapted for controlling a series of registers or indicators, *held* not infringed by the use of similar mechanism, which was old, for a different purpose from that shown and claimed.

2. Patents ⬡⟿160—Reference to copending application may not enlarge scope of patent.

It is not proper to interpret an issued patent to extend its scope in the light of copending application referred to in the patent, which application has not ripened into a patent.

In Equity. Suit by the New York Calculating Machine Company, Inc., against the International Money Machine Company, Inc. Decree for defendant.

Henry J. Lucke, of New York City, for complainant.

Richard B. Cavanagh, of New York City (John F. Robb, of Cleveland, Ohio, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. [1] This suit is brought for infringement of United States patent No. 1,318,135 to De Simone, the application for which was filed September 30, 1914; the patent having been granted October 7, 1919. The specification states that:

"An object of the present invention is the provision of mechanism adapted for controlling a series of registers or indicators corresponding to denominational values and a keyboard controlling such mechanism comprising key corresponding to numerical values. In my copending application, serial No. 848,741, filed July 3, 1914, I have disclosed a registering or indicating machine for registering or indicating the denomination or denominations composing any given numerical value represented by the manipulated keys, and the number of such denomination or denominations. In the more preferred form of such registering and indicating machine, say for monetary values, the registering or indication is given for the minimum number of bills or currency, or both, as the case may be, of which the numerical value represented by the manipulated keys is composed. * * *

"The present invention relates more particularly to selective mechanism controlled by the keys, such selective mechanism controlling certain actuating

636          285 FEDERAL REPORTER

members corresponding to the respective denominations, whereby upon manipulation of the keys representing given monetary value, the actuating member or members corresponding to the denomination or denominations of which such numerical value is composed, are operated to any extent or extents, corresponding to the particular number of the denomination or denominations. * * *

"In the preferred forms of my invention, the keys are made of uniform construction, and the levers, usually bell crank levers, are also of uniform construction. In such preferred forms, the desired actuation of such operative parts is effected by suitable connection means between such operative parts and their respective actuation levers whereby, upon uniform stroke of such keys the desired predetermined movements of such operative keys are secured."

It is apparent that the foregoing patent relates to a mechanism adapted for controlling a series of registers or indicators and does not cover a registering or indicating machine. I think the testimony clearly established a public use in 1913 by the United States Cashier Company of the machine Exhibit S, which was a paying-out machine having a substantially identical mechanism to that disclosed in the patent in suit.

[2] The reference in the patent to the copending application serial No. 848,741, filed July 3, 1914, which was to a document not open to the public that had never ripened into a patent, cannot be regarded as sufficient to extend the scope of the present patent to anything except what is directly shown in the specification and drawings, and stated to be within the scope of the invention. Moreover, the patent to Griffen, No. 979,391, granted December 20, 1910, seems to cover the mechanism for registering. It is contended by the complainant that the words "adapted for controlling a series of registers or indicators" practically amount to a combination patent for the various elements of a denominator. It thus seeks to bring the defendant, who in substance combined a registering machine with its original paying-out machine, Exhibit S, within the terms of the claims in suit. Such a construction would apparently not only render the De Simone copending application, serial No. 848,741, above referred to, a useless and unnecessary application, but would give the mechanism of the patent in suit, which does not in its terms comprise a registering machine, but merely discloses means adapted for controlling a series of registers or indicators, a much wider scope than is justified by its language.

In Brown Mfg. Co. v. Deere, 61 Fed. 972, 10 C. C. A. 208, in a patent relating to a cultivator, a claim came up for consideration drawn in the following language:

"(1) The pipe box provided with a projection adapted to cooperate with a spring, weight, or the draft, to rock the said pipe box against or with the weight of the rear cultivators or plows, substantially as and for the purpose described."

The Court of Appeals of the Seventh Circuit held that this claim was not for a combination of the pipe box described with other parts of a cultivator named in the claim or specification, "but for the pipe box itself, as a single device, designed and adapted for use in the several ways specified."

In the case of Curtain Supply Co. v. North Jersey Street Ry. Co. (C. C.) 138 Fed. 734, Judge Gray discussed the phrase "adapted at

all times to engage the window jamb" in the claims of the patent No. 659,315, to Paterson, and construed it as meaning that the window shade curtain device under consideration was not merely capable of being engaged with a window jamb, but "of such character as at all times to engage the window jamb." He said this construction was particularly plain because of the following words in clause 1: "Whereby said rod is at all times held in a horizontal position." He found that the defendants device did not infringe because its anti-friction rollers did not at all times bear against the window jambs. The court was obliged to treat the window jamb as an active element of the claims because only by co-operation with the window jamb could the rod be held in a horizontal position. In the present case, the mechanism adapted for controlling a series of registers or indicators was also adapted for other purposes, had been used for other purposes in defendant's paying-out machine, and we have a typical case of a double use.

The operative mechanism to connect the actuators with the registers or indicators is not sufficiently shown by the patent in suit and could not be determined without reference to the British patent. That patent was not referred to in the specification so the patent is incomplete. So far as it does show a mechanism adapted for controlling a series of registers or indicators, it discloses something which is not patentable in view of the prior art.

It is to be noticed that in the original application, at page 5, the following words appear:

"The particular mechanism indicated in Fig. 37 represents the analogous mechanism of the denominator machine described and set forth in my application serial No. 848,741, filed July 3, 1914. It will be understood, however, that the keyboard mechanism constituting the subject matter of this invention is adapted to operate other types of mechanisms as well as the analogous mechanism shown in Fig. 37."

This clause was omitted in the final specification, and on May 17, 1917, for the first time it was stated that:

"An object of the present invention is the provision of a mechanism adapted for controlling a series of registers or indicators corresponding to denominational values and a keyboard controlling such mechanism comprising keys corresponding to numerical values."

It is to be noticed that the first time De Simone became aware of the alleged infringing machine of the defendant was in the beginning of April, 1919, and that the application was shortly thereafter amended, so as more precisely to cover the defendant's machine.

I think it clear that the patent was not for a registering or indicating machine, and was not limited to a mechanism to be used with a registering machine. if it was adapted for other purposes, and that the prior sale and use of the paying-out machine, Exhibit S, by the United States Cashier Company, prevents the plaintiff from enjoining the defendant here from applying the old mechanism to a new one in a cognate art. Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11, 12 Sup. Ct. 601, 36 L. Ed. 327.

For the foregoing reasons the bill is dismissed, with costs.